Case 0:21-cr-60254-WPD Document 21 Entered on FLSD Docket 09/02/2021 Page 1 of 11

FILED by KS D.C.

Sep 2, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-60254-CR-DIMITROULEAS/SNOW

18 U.S.C. § 371
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

SHANRIKA SHANTAE DUHART,

      Defendant.

_____/

## INFORMATION

The Acting United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP

loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendant, Related Entities and Individuals

5. Hair She Goes, Inc. ("HSG") was a Florida corporation with its listed principal address in Coconut Creek, Florida.

6. Defendant **SHANRIKA SHANTAE DUHART**, a resident of Miami, Florida, was the sole incorporator and president of HSG.

2

7. Bank 1 was a financial institution based in Salt Lake City, Utah, that was insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 1 was an approved SBA lender of PPP loans.

8. Bank Processor 1 was a third-party company processor, based in Redwood City, California, that processed PPP loan applications for Bank 1.

9. James Stote was a resident of Broward County, Florida.

10. Keyaira Bostic was a resident of Broward County, Florida.

11. Individual 1 was a resident of Miami-Dade County, Florida.

12. Individual 2 was a resident of Indian River County, Florida.

## Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 371)

From on or about May 22, 2020, through on or about July 30, 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**SHANRIKA SHANTAE DUHART,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with James Stote, Keyaira Bostic, and with others known and unknown to the Acting United States Attorney, to commit an offense against the United States, that is, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

13. It was the purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendant's and co-conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and her co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

14. **SHANRIKA SHANTAE DUHART**, James Stote, Keyaira Bostic, and other co-conspirators submitted and caused the submission of fraudulent PPP loan applications for HSG and other entities, via interstate wire communications.

15. The PPP loan applications submitted by **SHANRIKA SHANTAE DUHART**, James Stote, Keyaira Bostic, and other co-conspirators for HSG and other entities, included falsified bank statements and payroll tax forms, among other things, and falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll.

16. **SHANRIKA SHANTAE DUHART** and other co-conspirators paid James Stote, Keyaira Bostic, and other co-conspirators kickbacks in exchange for facilitating and obtaining fraudulent PPP loans.

17. As a result of the false and fraudulent PPP loan applications submitted as part of this scheme, Bank 1 and other participating banks disbursed millions of dollars in PPP loan proceeds, which were transferred to **SHANRIKA SHANTAE DUHART**, James Stote, Keyaira Bostic, and other co-conspirators via interstate wire transmissions. **DUHART** personally applied for at least one fraudulent PPP loan and as a result, she received proceeds in the amount of approximately $388,790.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about May 23, 2020, James Stote created an online loan account for **SHANRIKA SHANTAE DUHART** with Bank Processor 1.

2. On or about May 26, 2020, **SHANRIKA SHANTAE DUHART** electronically viewed and signed a PPP loan application on behalf of HSG. The application form, which was electronically signed with the name "Shanrika Duhart," requested a loan for HSG in the amount of $388,790 based on the claim that the company had 20 employees and an average monthly payroll of $155,516.

3. On or about June 3, 2020, Keyaira Bostic sent wiring instructions via text message to **SHANRIKA SHANTAE DUHART** which directed **DUHART** to make a kickback payment to James Stote for preparing the fraudulent PPP loan application. The wiring instructions included James Stote's bank name, company name, home address, account number, and routing number.

4. In response to the wiring instructions from Keyaira Bostic, **SHANRIKA SHANTAE DUHART** sent a text message to Bostic on or about June 3, 2020, which said: "U want me to wire that to a business that looks like I'm buying a home."

5. In response to **SHANRIKA SHANTAE DUHART**'s question about where to wire the money, on or about June 3, 2020, Keyaira Bostic texted **DUHART**: "He said add to notes for remodeling for Business; Or covid business upgrade; I mean on the instructions for wire."

6. On or about June 4, 2020, **SHANRIKA SHANTAE DUHART** wired $47,000 to James Stote from her HSG's business bank account, which account had received the proceeds of a PPP loan from Bank 1 on June 1, 2020, in the amount of approximately $388,790. On the memo line, **DUHART** indicated that this money was for "COVID business upgrading/Hair She Goes – Shanrika Duhart."

7. On or about June 9, 2020, **SHANRIKA SHANTAE DUHART** wired an additional $40,000 to James Stote from HSG's business bank account. On the memo line, **DUHART** indicated that this money was for "COVID Business Upgrading."

8. On or about June 10, 2020, **SHANRIKA SHANTAE DUHART** made a rent payment for the apartment where she lived in the amount of $4,300 using funds she had received from the HSG PPP loan.

9. On or about June 19, 2020, **SHANRIKA SHANTAE DUHART** wrote a $4,000 check made payable to Individual 1 for "payroll," using funds that **DUHART** had received from the HSG PPP loan. However, Individual 1 has never worked for **DUHART** or HSG.

10. On or about June 22, 2020, **SHANRIKA SHANTAE DUHART** made a car payment in the amount of $1,800 using funds she had received from the HSG PPP loan.

11. On or about June 26, 2020, **SHANRIKA SHANTAE DUHART** wrote a $2,000 check made payable to Individual 2 for "payroll," using funds that **DUHART** had received from the HSG PPP loan. However, Individual 2 has never worked for **DUHART** or HSG.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **SHANRIKA SHANTAE DUHART**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    b. cannot be located upon the exercise of due diligence;

    c. has been transferred or sold to, or deposited with, a third party;

    d. has been placed beyond the jurisdiction of the court;

    e. has been substantially diminished in value; or

    f. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____ for:
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____ FOR
JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION

_____
YISEL VALDES
ASSISTANT UNITED STATES ATTORNEY

_____ FOR
PHILIP B. TROUT
TRIAL ATTORNEY, FRAUD SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

SHANRIKA SHANTAE DUHART,

_____Defendant._____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

Superseding Case Information:

**Court Division:** (Select One)
- [ ] Miami
- [ ] Key West
- [✓] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)  [ ] Yes  [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days      [✓]
   - II   6 to 10 days     [ ]
   - III  11 to 20 days    [ ]
   - IV   21 to 60 days    [ ]
   - V    61 days and over [ ]

   (Check only one)
   - Petty        [ ]
   - Minor        [ ]
   - Misdemeanor  [ ]
   - Felony       [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **Yes**
   If yes: Magistrate Case No. **21-6153-MJ-HUNT**
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Yisel Valdes
Assistant United States Attorney
Court ID No.   A5502330

*Penalty Sheet(s) attached                                                                                      REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  Shanrika Shantae Duhart

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

18 U.S.C. § 371

**\*Max. Penalty:** 5 years' imprisonment
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| SHANRIKA SHANTAE DUHART, | ) | |
| | ) | |
| Defendant. | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*